IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. KATHERINE NOLAND and
2. THOMAS NOLAND,

        Defendants.

---

### INDICTMENT

18 U.S.C. § 1956 (a)(3)(B) and (C)
18 U.S.C. § 1960
18 U.S.C. § 2

---

The Grand Jury charges that:

### COUNT 1
### (Money Laundering)

On or about October 3, 2014, in the District of Colorado, the defendant,

### KATHERINE NOLAND,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved property which was represented by a law enforcement officer to be the proceeds of specified unlawful activity, that is, distribution of controlled substances in violation of Title 21, United States Code, Section 841, with the intent to conceal or disguise the nature, location, source, ownership or control of property believed to be the proceeds of some form of unlawful activity and to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States

Code, Sections 1956(a)(3)(B) and (C).

## COUNT 2
### (Operation of Unlicensed Money Transmitting Business)

From on or about April 23, 2014, through October 6, 2014, in the District of Colorado and elsewhere, the defendants,

**KATHERINE NOLAND and
THOMAS NOLAND,**

did knowingly conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, a digital currency exchange business which (A) operated without an appropriate money transmitting license in a state where such operation is punishable as a misdemeanor or felony under state law; (B) failed to comply with the money transmitting business regulations under Section 5330 of Title 31, United States Code, and regulations prescribed thereunder; and (C) involved the transport and transmission of funds that were known to the defendants to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity; and intentionally did aid, abet, counsel, command, induce and procure the same, all in violation of Title 18, United States Code, Sections 1960 and 2.

## FORFEITURE ALLEGATION

1.  The allegations contained in Counts 1 and 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

2. Upon conviction of the violations alleged in Counts 1 and 2 of this Indictment involving violations of Title 18, United States Code, Sections 1956(a)(3)(A) and (B) and 1960, the defendants, **KATHERINE NOLAND and THOMAS NOLAND**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) any and all of the defendants' right, title and interest in all property, real or personal, involved in such offenses, or all property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a) cannot be located upon the exercise of due diligence;

   b) has been transferred or sold to, or deposited with, a third party;

   c) has been placed beyond the jurisdiction of the Court;

   d) has been substantially diminished in value; or

   e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

            A TRUE BILL

            <u>Ink signature on file in Clerk's Office</u>
            FOREPERSON

Approved By:
JOHN F. WALSH
UNITED STATES ATTORNEY

By: <u>s/Michele R. Korver</u>
   MICHELE R. KORVER
   Assistant United States Attorney