**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.14-CR-000401-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    KATHERINE NOLAND and
2.    THOMAS NOLAND,

    Defendants.

---

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE
AND EXCLUDABLE TIME
PURSUANT TO 18 U.S.C. §3161(h)(7)(A) and (B)(ii) and (iv)**

---

The United States of America, by United States Attorney John F. Walsh, and through the undersigned Assistant United States Attorney, hereby respectfully enters the Government's Motion for an Ends of Justice Continuance and Findings of Excludable Time pursuant to Title 18, United States Code, Section 3161(h)(7)(A) and (B)(ii) and (iv).

The United States respectfully advises the Court that the above-referenced case is complex within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii) due to the nature of the prosecution, the existence of novel questions of fact or law, and the amount of documentary material and other evidence subject to pretrial disclosure or discovery.  Under the circumstances, the United States respectfully informs the Court that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by the prosecution or the defense, within the normal time limits established by Title 18, United States Code, Section 3161.  Accordingly, the United States requests the Court to make the ends of justice findings contemplated by Section 3161(h)(7)(A), to

continue the case for approximately 90-120 days of excludable speedy trial time, and to set the case for a status conference and further proceedings toward the end of the period of excludable time.

In support of this motion, the Government states the following:

1. The indictment in this case follows a 15 month investigation involving online and conventional undercover activities. Specifically, the investigation involves individuals engaging in digital currency transactions and/or the purchase and sale of controlled substances over the internet using "Deep Web" black marketplaces. The United States believes that such a case, by its very nature, involving new and emerging technology, is unique and complex, and that novel questions of law and fact exist. The United States anticipates that there will be hundreds of pages of documents, comprised of law enforcement surveillance and investigation reports, pen register data, GPS tracker data, and search warrant documents. Much of the evidence, however, exists in electronic form. Agents seized and searched numerous electronic devices, including computers, smartphones, and storage media, containing data which will require several terabytes of space. In addition, the electronic evidence includes operational audio and/or video recordings at multiple locations. Five defendants have been charged in this phase of the investigation in four separate indictments (case numbers 14-cr-398-WJM, 14-cr-399-RM, 14-CR-400-CMA, and 14-cr-401-RM).

2. The United States is working diligently to produce discovery to defense counsel on or before October 31, 2014; however, much of the electronic evidence will likely be produced as supplemental discovery after that date as it only came into the government's possession upon the defendants' arrests.

3.      Depending, of course, on the approach taken by the defense, it is reasonably foreseeable that defense counsel will need at least 90-120 days to review the discovery material and prepare for pretrial motions or other pretrial matters. Under the circumstances, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by either the defense or the prosecution, within the normal time limits established by Title 18, United States Code, Section 3161.

4.      The Government respectfully asserts that the ends of justice will be served by the Court's finding and concluding that this case is complex within the meaning of Title18, United States Code, Section 3161(h)(7)(B)(ii) and/or that the failure to grant such a continuance in this case, taken as a whole, would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv), and finding that at least 90 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying investigation and evidence.

5.      In further support of this motion, the United States addresses the factors articulated in <u>United States v. West</u>, 828 F.2d 1468, 1449-70 (10th Cir. 1987):

      a. The United States has exercised diligence in collecting, organizing, and producing the evidence in this case.

      b. If this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance. Namely, the defense will have an opportunity to diligently review the voluminous and complex discovery, determine what, if any, defenses their clients may have, conduct any necessary

        investigation, consult necessary experts, and file any necessary discovery and/or suppression motions once they have reviewed the discovery.

    c.    Both defendants in this case concur in the granting of this motion; the United States does not believe that such a continuance will inconvenience the parties or witnesses; and allowing the defense sufficient time to review and digest the evidence would save judicial resources by providing the parties the time necessary to potentially resolve their respective cases without further litigation.

    d.    Without the requested continuance, the United States believes that the defendants would be prejudiced because proceeding under the normal time limits would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6.    Accordingly, the United States respectfully requests a setting in this case for an additional discovery/scheduling conference in approximately 90 days, consistent with the Court's calendar. The ends of justice served by such findings and continuance outweigh the best interests of the public and the defendants in a speedy trial. The United States has conferred with counsel for Ms. Noland, Richard Stuckey, and counsel for Mr. Noland, John Tatum, and is authorized to inform the Court that neither defendant opposes the granting of this motion.

7. Finally, the United States respectfully requests that the Court set a hearing on this motion for Monday, November 10, 2014, at 11:30 a.m.

Dated this 16th day of October, 2014.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: *s/ Michele R. Korver*
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel: (303) 454-0224
Fax: (303) 454-0409
**michele.korver@usdoj.gov**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record:

All counsel of record

*s/ Michele R. Korver*
MICHELE R. KORVER
Assistant United States Attorney