**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy:   Cathy Pearson | Date:   June 18, 2015 |
| Court Reporter:   Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer:   Justine Kozak | |

**CASE NO.   14-cr-00401-RM**

Parties                                                                               Counsel

UNITED STATES OF AMERICA,                                       Michele Korver

      Plaintiff,

v.

1.   KATHERINE NOLAND,                                            Richard Stuckey

      Defendant.

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION:**       2:56 p.m.
Appearances of counsel.    Defendant is present and in custody.

Defendant entered his plea on March 27, 2015, to Count 2 of the Indictment. The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

The Government orally moves for the third point for acceptance of responsibility.

**ORDERED:**  The Government's oral motion for the third point for acceptance of responsibility is GRANTED.

**ORDERED:**  United States §5K1.1 Motion for Downward Departure Base on Substantial Assistance (Doc. 80) is GRANTED as specified on the record.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of Defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that Defendant, Katherine Noland, is hereby sentenced to a term of **six (6) months** of home confinement with electronic monitor.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **five (5) years**.

**ORDERED:** **Mandatory Conditions** of Supervised Release that:
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from Defendant as directed by the probation officer.

**ORDERED:** **Special Conditions** of Supervised Release that:
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless Defendant is in compliance with the installment payment schedule.
- (**X**) As directed by the probation officer, Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) If Defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to Defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

(**X**)   Defendant shall document all income or compensation generated or received from any source and shall provide such information to the probation officer as requested.

(**X**)   All employment for Defendant shall be approved in advance by the supervising probation officer. Defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, Defendant shall provide the probation officer with the names of all business entities and their registered agents. Defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. Defendant shall not cause or induce others to register business entities on his/her behalf. For any approved business activity, Defendant shall maintain business records. Defendant shall provide all requested documentation and records to the probation officer regarding any of his/ her business activities as requested by the probation officer.

(**X**)   Defendant shall submit to a substance abuse evaluation, and if deemed appropriate, Defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

(**X**)   Defendant shall submit to a mental health evaluation, and if deemed appropriate, Defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as Defendant is released from the program by the probation officer. Defendant shall pay the cost of treatment as directed by the probation officer.

(**X**)   Defendant shall remain medication compliant and shall take all medications that are prescribed by her treating psychiatrist. Defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of her prescribed medications is maintained.

(**X**)   Defendant shall be placed on home detention for a period of **six (6) months**, to commence within 21 days of sentencing.   During this time, Defendant shall remain at her place of residence at all times, except for employment and other activities approved in advance by the probation officer.   This period of home detention shall be enforced by electronic monitoring.   To permit this monitoring, Defendant shall maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones.   Defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.   Defendant shall pay the cost of electronic monitoring as directed by the probation officer.

(**X**)   Defendant shall perform 100 hours of community service as directed by the probation officer.

**ORDERED:**  Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:**  Defendant shall make **restitution** in the amount of $20,000 to the Internal Revenue Service, at an address to be provided to the probation office by the Government on or before **June 22, 2015.**

**ORDERED:**  Defendant shall forfeit property as listed in the Plea Agreement and stated on the record.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.

**ORDERED:**  Any notice of appeal must be filed within 14 days.

**ORDERED**:   Bond will be exonerated at the time judgment is entered.

**ORDERED:**  United States Motion to Dismiss Count 1 of the Indictment as to Defendant Katherine Noland (Doc. 81) is GRANTED.

**Court in recess:**      **3:54 p.m.**
Hearing concluded.
Total time:          00:58